1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WENDEI L. P.,

                         Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                         Defendant.

CASE NO. C18-5907 BHS

ORDER DECLINING TO ADOPT
THE REPORT AND
RECOMMENDATION,
REVERSING THE
COMMISSIONER'S DECISION,
AND REMANDING FOR
FURTHER PROCEEDINGS

    This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable Michelle Peterson, United States Magistrate Judge, Dkt. 16, and

Plaintiff's objections to the R&R, Dkt. 17.

    On May 24, 2019, Judge Peterson issued the R&R recommending that the Court

affirm the Administrative Law Judge's ("ALJ") partial denial of Plaintiff's request for

benefits. Dkt. 16. On May 31, 2019, Plaintiff filed objections. Dkt. 17. On June 10,

2019, the Government objected. Dkt. 18.

    The district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Plaintiff objects to two conclusions in the R&R. The second objection is dispositive, so the Court will not address the first one. Plaintiff objects to the R&R's conclusion regarding the apparent conflict between the vocational expert's ("VE") opinion and the Dictionary of Occupational Titles ("DOT"). Dkt. 17 at 2–3. The ALJ concluded in part that Plaintiff "can perform low-stress work, which is defined as work requiring few decisions and few changes throughout the workday. She can have frequent contact with co-workers and the public." Dkt. 8-2 at 24. The VE then concluded that Plaintiff could work as a Reservation Agent, DOT #238.367-018. *Id.* at 36. The DOT, however, provides in part as follows:

> The work performed by reservation and transportation ticket agents and travel clerks may be repetitive and stressful. They often work under stringent time constraints. Agents and clerks must work quickly and accurately to avoid mistakes and angering customers. Difficult or angry customers also can create stressful situations as agents usually bear the brunt of customers' dissatisfaction.

Dkt. 8-4 at 81. Thus, a discrepancy exists between the ALJ's conclusion that Plaintiff was limited to low-stress work and the DOT's job description that work as a reservation agent "may be repetitive and stressful." The R&R dismisses the issue by stating that the ALJ specifically included the low-stress limitation in his question to the VE and that "Plaintiff cites no authority requiring the ALJ to inquire further, and the Court is not aware of any." Dkt. 16 at 15. The Government provided the law to the Court in its

response to Plaintiff's objections.  Dkt. 18 at 3 (citing *Mickelson-Wurm v. Comm'r Soc. Sec. Admin.*, 285 Fed. Appx. 482, 486 (9th Cir. 2008)).

"[A]lthough the DOT raises a presumption as to the job classification, it is rebuttable." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  "SSR 00–4p requires an ALJ to provide a reasonable explanation for any conflicts between occupational evidence furnished by a vocational expert and information in the DOT. The ALJ must clarify the discrepancy in the opinion only where there is an apparent unresolved conflict that arises between the vocational expert's testimony and the DOT." *Mickelson-Wurm*, 285 Fed. Appx. at 486.  "An ALJ may rely on expert testimony which contradicts the DOT [so long as] as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435–36.

In this case, there is no persuasive evidence to support the VE's deviation from the DOT.  Although the ALJ and the VE discussed numerous hypotheticals involving handling, walking, and frequent absences, they did not specifically discuss or probe the "low-stress" limitation.  Dkt. 8-2 at 75–83.  Instead, in the fourth hypothetical, the ALJ altered the original limitation of "occasional contact with the public and co-workers" to frequent contact.  *Id.* at 76, 79.  The VE answered that they "might need to start over," but the ALJ said "no" and pressed the VE for an answer.  *Id.* at 79.  After some time, the VE stated that Plaintiff could work as a reservation agent.  *Id.*  In *Johnson*, the court concluded that the DOT presumption was rebutted because "there was persuasive testimony of available job categories in the local rather than the national market, and testimony matching the specific requirements of a designated occupation with the

specific abilities and limitations of the claimant." *Johnson*, 60 F.3d at 1435. Here, the testimony is not specific as to the challenged stress limitation. Although the Government argues that the VE addressed the low-stress limitation, Dkt. 14 at 15–16, it cites a conclusory statement at the end of the VE's testimony stating that this limitation was "talked about," Dkt. 8-2 at 82. The Court rejects the Government's argument because a conclusory statement that a limitation was discussed at some point in the VE's testimony is not specific testimony to overcome the presumption set forth in the DOT. Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

    (1)    The Court **DECLINES to ADOPT** the R&R;

    (2)    The Commissioner's final decision denying Plaintiff disability benefits is **REVERSED**;

    (3)    This case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g); and

    (4)    The Clerk shall close this case.

Dated this 17th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge