UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDEI L. P.,<br><br>              Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | CASE NO. C18-5907 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO AMEND JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Defendant Commissioner of Social Security's ("Government") motion to amend judgment, Dkt. 21, and Plaintiff Wendei L. P.'s ("Plaintiff") motion for attorney's fees, Dkt. 23. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the Government's motion and denies Plaintiff's motion for the reasons stated herein.

I. PROCEDURAL HISTORY

On May 24, 2019, the Honorable Michelle Peterson, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the Court

ORDER - 1

affirm the Administrative Law Judge's ("ALJ") partial denial of Plaintiff's request for benefits. Dkt. 16. On May 31, 2019, Plaintiff filed objections arguing in part that a conflict existed between the vocational expert's ("VE") opinion and the Dictionary of Occupational Titles ("DOT"). Dkt. 17. In support of this argument, Plaintiff cited evidence in the record that she asserted was the DOT. *Id.* at 3 (citing Tr. 196). On June 10, 2019, the Government objected. Dkt. 18.

On July 17, 2019, the Court declined to adopt the R&R concluding that the ALJ failed to adequately explain the VE's deviation from the DOT. Dkt. 19. On August 15, 2019, the Government filed the instant motion arguing in part that the Court relied on a clear error of fact. Dkt. 21. Plaintiff responded that same day. Dkt. 22.

On October 15, 2019, Plaintiff filed the motion for attorney's fees requesting an award as the prevailing party. Dkt. 23. On October 21, 2019, the Government responded. Dkt. 26.

## II. DISCUSSION

A motion under Rule 59(e) is "appropriate in cases where the court has based an order on a factual error." *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996).

In this case, the Court based its order on a factual error. Plaintiff asserted that a document in the record was the DOT. Dkt. 17 at 3 (citing Tr. 196). The Government contends that the document is not the DOT and instead is a manual authored by a private company, SkillTran. Although SkillTran purports to rely on the DOT, SkillTran's job listing for the relevant job here, Reservations Agent, includes more limitations than the

DOT.  Specifically, one of those additional limitations was that the Reservations Agent job "may be repetitive and stressful."  Tr. 196.  The Court relied on this limitation in concluding that the ALJ committed error by failing to explain why Plaintiff could not work in high stress environments yet could work as a Reservations Agent.  Because the Court's reliance on the SkillTran document was misplaced, the Court agrees with the Government that the judgment and order reversing and remanding should be vacated.  The Court denies Plaintiff's motion for attorney's fees because she is no longer the prevailing party.  A new order on the R&R and objections will issue in due course.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Government's motion to amend judgment, Dkt. 21, is **GRANTED** and Plaintiff's motion for attorney's fees, Dkt. 23, is **DENIED**.

The Clerk shall vacate the Court's previous order, Dkt. 19, and judgment, Dkt. 20.

Dated this 27th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge